IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY
FILED
June 13, 2016
U.S. DISTRICT COURT
Northern District of WV

BRENDA FRAZIER,

        Plaintiff,

v.

CIVIL ACTION NO. __1:16__-CV-114 (Keeley)
(Removed from Circuit Court of
Monongalia County, C.A. No. 16-C-277)

AARSAND MANAGEMENT, LLC
d/b/a TACO BELL,

        Defendant.

## NOTICE OF REMOVAL

Please take notice that Aarsand Management, LLC ("Aarsand"), by counsel, Bowles Rice LLP, removes this action from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia. In support of this Notice of Removal, Aarsand states as follows:

1.      According to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The original jurisdiction of this Court includes "all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

2.      This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed by Defendant pursuant to the

provisions of 28 U.S.C. § 1441, because there is complete diversity as to all properly joined parties.   Further, Defendant has a good faith belief that the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

3.   On or about May 12, 2016, Plaintiff commenced this action in the Circuit Court of Monongalia County, West Virginia, a state court within this judicial district and division, by filing her Complaint as styled above, which was docketed as case number 16-C-277, and assigned to the Honorable Phillip D. Gaujot.

4.   This Notice of Removal is timely filed under 28 U.S.C. §1446(b), because less than 30 days have passed since Aarsand received the Complaint.

5.   Upon information and belief, a complete copy of the Monongalia County Circuit Court file, including true and correct copies of all process, pleadings, and orders served in the state court action, will be submitted to this Court by the Circuit Clerk of Monongalia County, West Virginia.   Attached as Exhibit 1 is a copy of the current docket sheet for Civil Action No. 16-C-277, pending in Monongalia County Circuit Court.

6.   Pursuant to 28 U.S.C. § 1446(d), service and notice of the filing of this Notice of Removal is being given to Plaintiff.   A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Monongalia County, West Virginia, along with a Notice of Filing of Notice of Removal, a copy of which is attached as Exhibit 2.

### COMPLETE DIVERSITY EXISTS AS TO ALL PARTIES

7.   Plaintiff's Complaint fails to allege the residency of either Plaintiff or Aarsand.

8.     Upon information and belief, Plaintiff appears to reside in South Carolina, as evidenced by the address on her medical bills. *See* Pl.'s Med. Bill, attached hereto as Exhibit 3; *See also Bloom v. Library Corp.*, 112 F. Supp. 3d 498, 508-509 (N. D. W. Va. 2015) (finding that Defendant's declaration that she was a citizen of the State of Florida, and that she held a Florida driver's license and voter registration card all weighed heavily in favor of finding her domicile in Florida.)

9.     Aarsand is a limited liability company organized under the laws of the State of Maryland, with its principal place of business located at 11019 McCormick Road, Suite 320, Hunts Valley, Maryland 25304. *See* attached hereto as Exhibit 4. Additionally, none of Aarsand's members are citizens of West Virginia.

10.     Because Plaintiff is a citizen of South Carolina, and Aarsand is a citizen of the State of Maryland, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(a), (c)(1).

## AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

11.     Section 1332(a) requires that the amount in controversy in diversity actions exceed $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332(a).  To demonstrate that the jurisdictional amount has been met, a removing party need only show that it is more likely than not that the jurisdictional amount exceeds $75,000. *See McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D.W.Va. 2001); *see also* 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000].").

12.     Here, it is apparent that the amount in controversy exceeds $75,00.00, because the Complaint seeks damages for Plaintiff's medical bills totaling $62,000.00, plus damages for permanent injury, loss of enjoyment of life, pain and suffering and annoyance and inconvenience. *See* Compl. at pp. 3-4.

13.     Additionally, on February 5, 2016, Plaintiff, through her counsel, demanded Two Hundred Fifty-Thousand Dollars ($250,000.00) to settle Plaintiff's dispute with Aarsand.

14.     "A settlement demand should have the same legal status as an *ad damnum* clause over the jurisdiction minimum, *i.e.*, it should be conclusive of the amount in controversy unless it is a legal certainty that the plaintiff cannot recover over $75,000. *See Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 963 (S.D. W. Va. 2011); *see also Kennedy v. Independent Order of Foresters*, No. 3:12-cv-123, 2012 WL 6149171 *4 (Dec. 11, 2012) ("As part of a court's common sense evaluation of the amount in controversy, a court may look to settlement demands made by plaintiff.")

15.     Given the damages Plaintiff alleges, the amount of the medical bills that Plaintiff claimed in her Complaint, and her settlement demand, the amount in controversy clearly exceeds the jurisdictional threshold of $75,000.00.

AARSAND MANAGEMENT, LLC

By Counsel,

_/s/ Robert J. Zak_____
Ashley Hardesty Odell [WVSB # 9380]
ahardestyodell@bowlesrice.com
Robert J. Zak [WVSB # 11726]
rzak@bowlesrice.com
Bowles Rice LLP
7000 Hampton Center
Morgantown, West Virginia 26505
Phone: (304) 285-2500
Fax: (304) 285-2575

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRENDA FRAZIER,

      Plaintiff,

v.                              CIVIL ACTION NO. <u>1:16-CV-114</u>
                                        (Removed from Circuit Court of
                                        Monongalia County, C.A. No. 16-C-277)

AARSAND MANAGEMENT, LLC
d/b/a TACO BELL,

      Defendant.

**CERTIFICATE OF SERVICE**

      The undersigned, counsel for Defendant, hereby certifies that on the 13th day of

June, 2016, she served the foregoing and hereto annexed **NOTICE OF REMOVAL** upon

counsel of record and upon the Circuit Court of Monongalia by depositing the same in the United

States Mail, postage prepaid, addressed to:

William Flanigan                    Jean Friend
Law Office of Sanders, Austin and Flanigan    Monongalia County, Circuit Clerk
320 Court Street                     75 High Street, Suite 12
Princeton, West Virginia 24740          Morgantown West Virginia 26505

                                        */s/ Robert J. Zak*
                                        Robert J. Zak (WVSB 11726)